FEBRUARY TERM, 1871.

COLLINS, appellant, and TOWNLEY and JOHNSON, respondents

1. The fact that the testatrix was ninety-eight years old at the time she made her will, in the absence of any proof of testamentary incapacity, or of any fraud, circumvention, or undue influence in procuring the will, is not sufficient ground for refusing to admit the will to probate.

2. In case of a will made at such an age, in favor of a daughter with whom the testatrix had lived for years, her other children have the right to require it to be clearly proved that she executed the will, understanding that it was her testamentary act.

3. When, however, they go beyond this, and continue litigation by a protracted inquiry into the capacity of the testatrix, it is in the discretion of the court to allow contestants' costs, or to allow costs against them.

This was an appeal from the decree of the Orphans Court of the county of Union, admitting to probate the will of Sarah Collins, deceased; and also from such part of the decree as refuses to allow the costs of the appellant, as caveator before the Orphans Court. There was also a cross-appeal by the respondents, because the decree does not allow the respondents their costs in the Orphans Court, as against the appellant.

*Mr. Williamson*, for appellant.

*Mr. Magie*, for respondents.

THE ORDINARY.

The testatrix was ninety-eight years of age at the time she made the will in question. Upon an examination of the evidence, this appears to be the only ground for filing a caveat against the probate of her will. No unsoundness or imbecility of mind is shown of a kind that approaches to defect of testamentary capacity. Nor is there any proof of

any fraud, circumvention, or undue influence in procuring the will. There is no ground to sustain the appeal against the admission of the will to probate.

The caveator is a son of testatrix; he resided not far from his mother, and knew her situation and capacity. More than one unsuccessful attempt to procure an inquisition of lunacy against her in the last years of her life, had been made and failed. Of all this he had full knowledge. The will gave the bulk of the property of testatrix to one child, and very little to her other children; yet this child was a daughter, with whom she had lived for many years, and who had taken care of her before and after she acquired her property, upon the death of her son, Hugh.

There may exist sufficient reason for examining into the validity of a will made by a mother in favor of a daughter, with whom she has lived for years, especially when the testatrix is of the age of Mrs. Collins. Her other children have the right to require that it be clearly proved that she executed the will, understanding that it was her testamentary act. When they go beyond this, and continue litigation by a protracted inquiry into the capacity of the testatrix, it is in the discretion of the court to award costs against them, or to refuse any allowance of costs, as they think the conduct of the contestant may justify, by the evidence in the case. The Orphans Court were of opinion that sufficient reason for continuing the contest did not appear, and therefore refused to allow costs. I concur in that opinion, and therefore affirm the decree in that particular also.

That court refused, under the whole case as before them, to decree costs as against him. In that judgment I also concur, though with some hesitation. There was sufficient in the case to warrant his asking for the full formal proof of the will in open court, but I think the contest was prolonged by him after he ought to have been satisfied. But as it is difficult to say at what precise point he ought to have been satisfied, the decree of the Orphans Court is perhaps the only safe disposition to be made of this question.

The proceedings in the Orphans Court are in all things affirmed.

The costs on the appeal and cross-appeal in this court, must be paid by the respective appellants.